26673.  AARON v. COLLINS.

SUBMITTED SEPTEMBER 16, 1971—
DECIDED OCTOBER 21, 1971.

*Neil L. Heimanson,* for appellant.

*B. J. Roberts, J. Norwood Jones, Jr.,* for appellee.

FELTON, Justice. Richard Earl Aaron filed a complaint in equity in DeKalb Superior Court seeking to temporarily restrain and permanently enjoin Lois T. Collins from selling certain real estate belonging to complainant at public outcry under a deed to secure debt with power of sale executed and delivered by him to Franklin Finance Company, which the finance company illegally transferred to the defendant, Lois T. Collins. The petition did not allege that the loan was fully paid, or that plaintiff had tendered to the defendant the amount which he admitted to be due.

1. On the hearing on the question of dissolving the restraining order or continuing the restraint by temporary injunction, the court heard a motion by the defendant to dissolve the injunction. This motion alleged that the complaint fails to set forth a claim upon which relief may be granted; that complainant had not offered to do equity as required by tendering the amount due under the assigned loan contract; what the consideration for the transfer was and an affidavit by Lois T. Collins showing that the unpaid balance due on the contract was $645.12. The court refused to dissolve the restraining order and granted an injunction and referred the case to the trial calendar for the determination of issues of fact raised upon the hearing. The order does not recite what the issues of facts to be decided were, but the only two were the amount of balance due on the indebtedness and whether the complainant tendered the amount of balance of the debt admitted to be due by him. On the motion to dissolve the restraining order, the complaint does not allege whether the complainant tendered the amount admitted to be due or not and there was a conflict between the motion and the affidavit of the defendant as to the amount of balance due. The pleading of the defendant shows in excess of $1,000 and the affidavit of defendant $645.12.

2. The grant of a summary judgment in favor of the defendant and the judgment dissolving the temporary in-

junction were erroneous for the reason that the defendant did not support her motion for a summary judgment by piercing the pleadings by evidence under oath, or admissions, as to the questions of fact raised by the pleadings. There was a conflict between the pleading of the defendant and her affidavit as to the amount of the balance due on the debt and there was no showing by the defendant at all that the complainant did not tender the amount of the debt which he admitted to be due.

The court erred in rendering the judgments appealed from and they are

*Reversed. All the Justices concur.*